IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Walter Lamont Morgan, ) | C/A No. 0:14-3445-TLW-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Tim Riley, *TRCI*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Walter Lamont Morgan, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Morgan was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 25.) Morgan filed a response in opposition. (ECF No. 31.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Morgan's Petition denied.

BACKGROUND

Morgan was indicted in October 2010 in Spartanburg County for attempted murder (2010-GS-42-6067). (App. at 82-83, ECF No. 24-1 at 84-85.) Morgan was represented by John Reckenbeil, Esquire, and on November 10, 2010 pled guilty as charged. The circuit court sentenced Morgan to fifteen-years' imprisonment, suspended upon the service of ten years' imprisonment and

the service of five years' probation.  (App. at 25, ECF No. 24-1 at 27.)  Morgan did not appeal his plea or sentence.

Morgan filed a *pro se* application for post-conviction relief ("PCR") on October 27, 2011 in which he raised the following claims:

> ineffective representation during guilty plea and pre-trial preparation
> - failure of attorney to do pre-trial investigation
> - failure of attorney to present effective mitigat[i]on evidence and aggravating evidence he introduced during plea
> - failure to call victim as witness during guilty plea

(See Morgan v. State of South Carolina, 11-CP-42-4638; App. at 28-34, ECF No. 24-1 at 30-36.) The State filed a return.  (App. at 35-38, ECF No. 24-1 at 37-40.)  On September 5, 2012, the PCR court held an evidentiary hearing at which Morgan appeared and testified and was represented by Richard W. Warder, Esquire.  During the hearing, counsel for Morgan also raised the additional grounds that counsel was ineffective regarding his advice on self-defense and for allowing the victim's mother to testify.  By order filed December 12, 2012, the PCR court denied and dismissed with prejudice Morgan's PCR application.  (App. at 74-81, ECF No. 24-1 at 76-83.)

On appeal, Morgan was represented by Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari on Morgan's behalf that presented the following issue:

> Trial counsel erred in failing to develop petitioner's self-defense claim due to the mistaken belief that petitioner was in no danger during his fight with Jonathan Rainey, who was stabbed, since Rainey was not in possession of a gun when petitioner's PCR testimony and the PCR testimony of three other eyewitnesses at the scene, one of whom was Jonathan Rainey, confirmed that petitioner was in danger of being choked to death before acting in self-defense and because the law of self-defense does not require the presence of a gun as an element.



(ECF No. 24-2.) The State filed a return. (ECF No. 24-3) On August 6, 2014, the South Carolina Supreme Court issued an order denying Morgan's petition for a writ of certiorari. (ECF No. 24-4.) The remittitur was issued August 22, 2014. (ECF No. 24-5.) This action followed.

### FEDERAL HABEAS ISSUES

A verbatim recitation of the issues raised in Morgan's federal Petition for a writ of habeas corpus follows:

> **Ground One:** Counsel failed to do pre-trial investigation
> **Supporting Facts:** Applicant tends that counsel performance was insufficient. Counsel did not investigate. If he would have got the Rule 5 from prosecution, which would have showed that the statement by victom and others at the incident would have showed that the Applicant was getting choked to death and was in fear for his life. So he was ackting in self defense. And if he would have taken these to trial. There is plenty of "Reasonable doubt" that a reasonable Jury would have found the Applicant not guilty of attempted murder. So the counsel was ineffective and prejudiced the Applicant and because of this the out come of the trial could have been different.
>
> **Ground Two:** Counsel failed to present mitigating evidence and aggravating evidence he introduced during plea
> **Supporting Facts:** Plea counsel didn't present mitigating evidence. He didn't provied that the victom in this case was choking the defendant and that he was fearing for his life at the time he stabed the victom. It shows in PCR Transcript Pages 68-71 L 1-4. And it shows that counsel and prosicution talked about what they wanted to do to the defendant. Also counsel did not present agrevating evidence. That there was evidence that he was protecting his self.
>
> **Ground Three:** Counsel failed to call victom and witness during guilty plea
> **Supporting Facts:** Counsel's failer to call victom + + other witness's to the plea hearing, but did call the victoms mom to the plea did prejudice the defendant. See PCR TR Page 53, L 13- Page 61. All the witnesse's told at the PCR hearing that the Aplicant was in danger for his life at the time he stabed the victom. Also the victom told what happened. This would have helped the defendant at the plea if counsel would have called all witness. Things would have been differant.
>
> **Ground Four:** Trial counsel erred in failing to develop petitioner's self-defense claim



> **Supporting Facts:** Trial counsel erred in not trying to give or get a self-defense. Because his fight with Jonathan Rainey. He was told that he was going to shot him. Mr. Morgan didn't know that he did not have a gun. And also Mr. Morgan was being chocked out by Mr. Rainey and feared for his life and reacted accordingly. See also in Transcript of PCR eyewitnesses confirmed the danger.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d

691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions

in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice

PJG

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Procedural Default (Grounds One through Three)**

The respondent first argues that Grounds One through Three are procedurally barred from federal habeas review. In Grounds One through Three, Morgan alleges that plea counsel was ineffective (1) in failing to perform a pre-trial investigation; (2) in failing to present mitigating evidence and aggravating evidence; and (3) in failing to call the victim and other witnesses during the guilty plea. Although the PCR court addressed these issues in its order denying relief, Morgan did not present them to the state appellate court during his PCR appeal. Thus, the court agrees that these grounds are procedurally defaulted. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, these grounds would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Morgan attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

While the court finds that Grounds One through Three are procedurally defaulted from federal habeas review, such claims may nonetheless be considered by a federal court if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of



federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Although Morgan appears to summarily assert that he can demonstrate cause and prejudice to satisfy this standard, Morgan fails to provide any support for his assertion, and Morgan offers no argument demonstrating that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. Accordingly, Morgan's claims of ineffective assistance based on plea counsel's alleged failure (1) to perform a pre-trial investigation; (2) to present mitigating evidence and aggravating evidence; and (3) to call the victim and other witnesses during the guilty plea are procedurally barred from federal habeas review, and the respondent's motion for summary judgment should be granted as to Grounds One through Three.

    **2.    Merits (Ground Four)**

In Ground Four, Morgan argues that plea counsel was ineffective in failing to develop the defense of self-defense. Morgan appears to allege that in his fight with the victim, he was told that the victim was going to shoot him and Morgan was unaware that the victim did not have a gun.

Further, Morgan alleges that the victim was choking him and Morgan feared for his life and reacted accordingly.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)."



Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Morgan's petition. Therefore, the court will first consider whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

With regard to Morgan's allegation that plea counsel was ineffective in failing to develop the defense of self-defense, the following testimony, as summarized by the PCR court, is pertinent:



> Applicant testified that he told Counsel that he used his knife in self-defense, but Counsel told him that it did not meet the criteria for self-defense. Applicant testified that he and the victim got into a fight and the victim began choking him, so Applicant claimed he reached into his front pocket and got his knife. Applicant also testified that his statement to [the] police was that the victim threatened to either "shoot" or "kill" the Applicant, although Applicant testified that he never saw a gun. The Applicant also testified that Counsel never reviewed the discovery materials with him or reviewed with him the questions that the judge might ask during the plea.
>
> Counsel testified that he met with the Applicant approximately two or three times and discussed the possibility of self-defense as a defense. However, Counsel testified that there were problems with the facts because although the Applicant and victim were fighting, it was unclear who threw the first punch and the reason for the fight was stolen weed. Additionally, there was no indication that the Applicant felt there was an imminent threat. In fact, Counsel testified that the fact that the victim was choking the Applicant was not anywhere in the Applicant's statement to [the] police and was never mentioned to Counsel. Counsel also testified that no gun was found on or around the victim. Counsel testified that the story was not believable based upon the objective facts. Counsel also testified that he reviewed all discovery materials with the Applicant, discussed the elements of self-defense with the Applicant during their meetings, and reviewed all of Applicant's constitutional rights and what he would be asked at the plea.

(App. at 76-77, ECF No. 24-1 at 78-79.)

In denying and dismissing Morgan's application, the PCR court found that plea counsel's testimony was more credible than Morgan's testimony as to this ground. (App. at 77, ECF No. 24-1 at 79.) Morgan's response in opposition to the respondent's motion generally argues that plea counsel is no more credible than he is, and points out that Morgan testified that he was told by plea counsel to agree with the solicitor's statement of the facts of the case. (ECF No. 31 at 6-8.) However, these arguments are insufficient to clearly show that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting



Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

With regard to this ground, the PCR court reasonably found based on the testimony of plea counsel that "it is clear that Counsel investigated the case, as well as any potential defenses, and discussed those options with the Applicant." (App. at 77, ECF No. 24-1 at 79.)  Further, the PCR court reasonably concluded that Morgan " failed to prove that were it not for the alleged deficiencies of Counsel he would not have pled guilty and would have insisted on going to trial." (Id.) In further support of these findings, the court observes that during the PCR hearing, plea counsel explained in detail the problems with asserting the defense of self-defense as follows:

> Well, the real problem that I saw in this case is that, to assert self-defense, you have to have specifically four elements, and the first thing is you have to prove is that the defendant is without fault in bringing on the difficulty. And, so, the first thing would be is the fact that there was talk of people stealing somebody's marijuana, and going by the witness statement that Jonathan[, the victim,] filled out for the police, it was an argument between Jonathan and Walter [Morgan] over a bag of weed that Jonathan took from Walter.
> So, first, first and foremost is that there's an altercation about somebody stealing, who threw the first punch, who threw the first aggravating factor, that's really unclear. But I don't think there's any doubt that the state would be able to show that the defendant is with some fault in bringing on the difficulty.
> The next issue then goes to is there an imm[i]nent threat of serious bodily harm or death. Well, talking about the choking issue, that was definitely something that we talked about, but it's not in his statement, and I think that was key because Walter gave a statement, was given Miranda rights, and he gave pretty much a full confession, but never did he say in his statement that Jonathan was choking me.
> But put that to the side for a second, and just see if that was actually plausible, well, looking at all the objective evidence that we had from the doctors that performed life saving surgery upon Jonathan, you looked at the stabbing, and if you take the last witness'[s] statement as being true, that he had him on the ground and he was choking him, and he just reached into his pocket and stabbed him, just thinking possibility, with the stab wound that we saw there, and it wasn't believable.
> So, take that into consideration, the fact that the objective evidence of a stab wound from the doctor's pictures of him laying on the O.R. to him not saying that he



> was choking me in his statement, then you have the one thing that says he's going to get a pistol and kill me. So, I pulled out a knife and I struck him once in the chest.
> He said he's going to do something, and if you're saying that the victim is going to go grab a gun, come back and shoot him, there's no imm[i]nent threat of death or bodily harm. It had to be in a grab area. It had to be in an area, and you heard Jonathan say that he didn't have a gun on him, and so nowhere was the gun found in this area.
> And, so, the subjective mind set that Walter Morgan was in an imm[i]nent threat of serious bodily harm or death was not there, and then even if you go to the fact that he has to, if it's, if it's not right there present, he's got to have a reasonable belief subjectively that it can happen. And I don't think a reasonable jury would believe that, and I don't even think a judge would of charged self-defense.
> And, so, therefore, all of your conversations, that's what finally led up to him of saying I don't think we get self-defense and we can lose.

(App. at 62-64, ECF No. 24-1 at 64-66.)

Thus, the PCR court reasonably concluded that Morgan "failed to prove the first prong of the Strickland test—that counsel failed to render reasonably effective assistance under prevailing professional norms" where Morgan "failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of the Applicant." (App. at 80, ECF No. 24-1 at 82.) The PCR court further reasonably held that Morgan "failed to prove the second prong of Strickland—that he was prejudiced by counsel's performance." (Id.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Morgan cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Thus, Morgan cannot show "there was no reasonable basis" for the state appellate court to deny relief. Harrington, 562 U.S. at 98. As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of



the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101.

Upon careful review of the record and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Morgan has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Morgan's arguments fail to demonstrate that any of the PCR court's findings were unreasonable nor have they shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 562 U.S. at 101. Accordingly, the respondent's motion for summary judgment should be granted as to Ground Four.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 23) be granted and Morgan's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 18, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).